⨍ CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 1 9 2019

JULIA C. DUDLEY, CLERK
BY: H Mullenaa
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

MICHAEL BRADY LESTER, )
)
    Plaintiff, )   **CASE NO. 7:16CV00312**
)
v. )   <u>**MEMORANDUM OPINION**</u>
)
HAROLD CLARKE, <u>ET AL.</u>, )   **By: Hon. Jackson L. Kiser**
)          **Senior United States District Judge**
    Defendants. )

---

Plaintiff, Michael Brady Lester, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983. The remaining defendants filed a motion for summary judgment on June 3, 2019. The next day, the court mailed a notice advising Lester that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' evidence before ruling on their motions. The notice warned Lester:

> If Plaintiff does not respond to Defendant[s'] pleading[ ], the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading[ ]. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice [ECF No. 351] (emphasis in original).) Lester thereafter filed a motion for additional time, which the court granted. That time has now elapsed, and the court has received no further communication from him about this case. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Lester has failed to prosecute this action. <u>See generally</u> <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Lester's failure to respond to the defendants' dispositive motion would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, the court will dismiss the case accordingly. A separate order will enter this day.

Lester is advised that if he intends to proceed with this action, he must petition the court within 30 days of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide a specific explanation for Lester's failure to respond in a timely fashion to the defendants' dispositive motion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Lester and to counsel of record for the defendants.

**ENTERED** this 19th day of July, 2019.

SENIOR UNITED STATES DISTRICT JUDGE